**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
BRADLEY D. FLORA, *Individually and On Behalf of All Others Similarly Situated,*

                    Plaintiff,

            -against-

THE HAIN CELESTIAL GROUP, INC.,
IRWIN D. SIMON, and PASQUALE CONTE,

                 Defendants.
--------------------------------------------------------X
--------------------------------------------------------X
RODNEY LYNN, *Individually and On Behalf of All Others Similarly Situated,*

                    Plaintiff,

            -against-

THE HAIN CELESTIAL GROUP, INC.,
IRWIN D. SIMON, and PASQUALE CONTE,

                 Defendants.
--------------------------------------------------------X
--------------------------------------------------------X
JAMES SPADOLA, *Individually and On Behalf of All Others Similarly Situated,*

                    Plaintiff,

            -against-

THE HAIN CELESTIAL GROUP, INC.,
IRWIN D. SIMON, and PASQUALE CONTE,

                 Defendants.
--------------------------------------------------------X

Case No.
16-cv-4581 (ADS)(SIL)

Case No.
16-cv-4589 (ADS)(SIL)

Case No.
16-cv-4597 (ADS)(SIL)

FILED
CLERK

11:09 am, Jun 05, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

1

# ORDER FOR CONSOLIDATION, APPOINTMENT OF CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

Having considered the numerous motions for consolidation, appointment as Lead Plaintiff, and approval of selection of lead counsel, it is SO ORDERED that:

1. The above-captioned actions are consolidated for all purposes (the "Consolidated Action"). This Order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court, and is consolidated with the Consolidated Action.

2. A Master File is established for this proceeding. The Master File shall be Case No. 16-cv-04581. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket. Every pleading in the Consolidated Action shall have the following caption:

    ---------------------------------------------------------X

    In Re The Hain Celestial Group Inc.        Case No. 16-cv-04581 (ADS) (SIL)

    Securities Litigation

    ---------------------------------------------------------X

3. Each new case that arises out of the subject matter of the Consolidated Action shall be consolidated with the Consolidated Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and if this Court deems it appropriate to grant such application after review. Nothing in the foregoing shall be construed as a waiver of

Defendants' right to object to the consolidation of any subsequently-filed or transferred related action.

4. The Court, having considered the provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B), appoints Rosewood Funeral Home ("Rosewood") and Salamon Gimpel ("Gimpel") as Co-Lead Plaintiffs. The Co-Lead Plaintiffs each filed timely motions, and have the two largest financial interests in the relief sought by the putative class. That is, they have apparently suffered the largest alleged losses. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (stating that "most courts simply determine which potential lead plaintiff has suffered the greatest losses" (collecting cases) (internal citations and quotation marks omitted)).

5. The co-lead Plaintiffs have further satisfied the requirements of Federal Rule of Civil Procedure 23. Together, they have demonstrated the necessary *prima facie* showing of typicality and adequacy, and no other movants have presented evidence that disputes this showing. The presumption in favor of the most adequate plaintiff may only be rebutted by "proof by a member of the purported class that the presumptive lead plaintiff will not fairly or adequately protect the interests of the class or is subject to unique defenses rendering it incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). The Court finds that Gimpel's residence in Israel does not rebut the presumption. "While in some contexts courts have identified *res judicata* concerns in not appointing foreign investors as lead plaintiffs, this has been explicitly rejected when the foreign lead plaintiff movants are suing as a result of purchases made on a domestic securities exchange." *Foley*, 272 F.R.D. at 133 (citing *Sgalambo v. McKenzie,* 268 F.R.D. 170, 176 (S.D.N.Y. 2010)). Similarly, the fact that Rosewood only purchased options during the class period does not

rebut the presumption in its favor. *See Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011) ("[I]nvestors who traded in options can be appointed lead plaintiff when the focus of the typicality analysis is, as here, 'whether the same or similar injuries arose out of or were caused by Defendants' alleged wrongful course of conduct.'" (quoting *In re Oxford Health Plans, Inc. Sec. Litig.,* 199 F.R.D. 119, 123–24 (S.D.N.Y. 2001)).

6. The Co-Lead Plaintiffs' choice of counsel is approved, and accordingly, Labaton Sucharow LLP, Goldberg Law PC, Glancy Prongay & Murray LLP and the Law Offices of Howard G. Smith, are approved as Co-Lead Counsel for the Class pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v) and 15 U.S.C. §78u-4(a)(3)(B)(v).

7. As previously ordered by the Court, the Co-Lead Plaintiffs shall file a consolidated amended complaint within sixty days of the entry of this Order, and the Defendants shall file a responsive pleading within thirty days thereafter.

It is **SO ORDERED:**

Dated: Central Islip, New York

June 5, 2017                                           _/s/ Arthur D. Spatt_

ARTHUR D. SPATT

United States District Judge